UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------
SALOMON WEISS
on behalf of himself and
all other similarly situated consumers

                    Plaintiff,

       -against-


D&A SERVICES, LLC.

                    Defendant.

---------------------------------------------------------

## CLASS ACTION COMPLAINT

### Introduction

1.    Plaintiff Salomon Weiss seeks redress for the illegal practices of D&A Services, LLC. concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### Parties

2.    Plaintiff is a citizen of the State of New York who resides within this District.

3.    Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff is a consumer debt.

4.    Upon information and belief, Defendant's principal place of business is located in Des Plaines, Illinois.

5.    Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6.    Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### *Jurisdiction and Venue*

7.    This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. §

1331.

8.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions

that give rise to this action occurred, in substantial part, in this district.

### *Allegations Particular to Salomon Weiss*

9.    Upon information and belief, on a date better known by Defendant, Defendant began to

attempt to collect an alleged consumer debt from the Plaintiff.

10.    On or about February 19, 2020 Plaintiff called and spoke to a representative from D&A

Services, LLC., and attempted to dispute the debt over the phone.

11.    The Defendant then informed Plaintiff that since it was a third-party collection agency,

the Plaintiff would not be able to dispute the debt with D&A Services, but rather, he would

need to speak to the original creditor, Bank of America, to dispute the alleged debt.

12.    Defendant also demanded a reason for the dispute.[1]

13.    The FDCPA does not require the consumer to provide any reason at all in order to dispute

a debt.[2]

14.    Such a statement by a debt collector was false and misleading.

---

[1] Semper v. JBC Legal Group, 2005 WL 2172377 (W.D. Wash. Sept. 6, 2005). (Collector's must communicate that a debt is disputed. The FDCPA does not give debt collectors the authority to determine unilaterally whether a dispute has merit.), Hoffman v. Partners in Collections, Inc., 1993 U.S. Dist. LEXIS 12702 (N.D. Ill. Sept. 13, 1993). (The court held that the FDCPA did not require that the consumer notify the agency of his basis for disputing the debt, or that any stated reason for the dispute had to be one that would relieve the consumer of any part of the liability for the debt. The complaint alleged that the consumer notified the collection agency that the debt was disputed and that the agency did not cease collection of the debt until it obtained verification of the debt. The complaint was sufficient to allege a violation of 15 U.S.C. § 1692g(b). The court also held that the complaint sufficiently alleged a violation of 15 U.S.C. § 1692e(8) by stating that the agency reported the disputed debt to credit agencies without disclosing that it had been disputed. The court noted that " There is no requirement that any dispute be "valid" for this statute to apply; only that there be a dispute." Failure to communicate a dispute whether or not valid will violate 15 U.S.C. § 1692e(8) for failure to communicate that a disputed debt is disputed.)

[2] Sambor v. Omnia Credit Servs., 183 F. Supp. 2d 1234 (D. Haw. 2002), Mendez v. M.R.S. Assoc., 2004 WL 1745779 *2 (N.D. Ill. Aug. 3, 2004). (A consumer is entitled to dispute the validity of a debt for a good reason, a bad reason, or no reason at all), Whitten v. ARS National Servs. Inc., 2002 WL 1050320 *4 (N.D. 111 May 23, 2002). (Imposing a requirement that a consumer have a `valid' reason to dispute the debt is inconsistent with FDCPA), Castro v. ARS National Servs., Inc., 2000 WL 264310 (S.D.N.Y. Mar. 8, 2000), Frey v. Satter, Beyer & Spires., 1999 WL 301650 (N.D. Ill. May 3, 1999), DeSantis v. Computer Credit, Inc., 269 f.3d 159 (2nd Cir. 2001), Mejia v. Marauder Corporation., 2007 WL 806486 (N.D. Cal. 2007). (Unlawful to suggest that proof of payment required for dispute.)

15.     Section 1692e of the FDCPA states:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, **including the failure to communicate that a disputed debt is disputed**. (emphasis added)

16.     Upon information and belief, D&A Services, LLC. and its employee as a matter of procedural practice and pattern never intend to follow through with the validation rights they purportedly provide in the initial communication.

17.     Upon information and belief, D&A Services, LLC. and its employees when receiving written disputes as a matter of procedural practice and pattern do not provide verification of debts since they maintain all disputes in writing must be submitted with a valid reason.

18.     Upon information and belief, D&A Services, LLC. and its employee intentionally denied the Plaintiff his dispute rights afforded to him under the FDCPA.

19.     Upon information and belief, D&A Services, LLC. and its employee wrongfully stated to the Plaintiff that he could not dispute the debt with D&A Services, LLC.

20.     Upon information and belief, D&A Services, LLC. and its employee wrongfully stated to the Plaintiff that he could only dispute a debt in with the original creditor.

21.     Upon information and belief, D&A Services, LLC. and its employee wrongfully stated to the Plaintiff that he must have a reason to dispute a debt.

22.     Upon information and belief, D&A Services, LLC. and its employee by intentionally denying the Plaintiff and any other debtor his or her right to dispute the debt unfairly intimidate and force debtors in to paying disputed debts.

23.    The D&A Services, LLC. employee who spoke with Salomon Weiss intended to speak the said words to the Plaintiff.

24.    The acts and omissions of D&A Services, LLC. and its employee done in connection with efforts to collect a debt from the Plaintiff were done intentionally and willfully.

25.    Upon information and belief, D&A Services, LLC. and its employees intentionally and willfully violated the FDCPA and do so as a matter of pattern and practice by not letting any of the class members dispute the debt directly with the Defendant, thereby failing to communicate that a disputed debt is disputed and by maintaining that the debtors have a valid reason to dispute any debt contrary to the FDCPA and the rights given by the Defendant purportedly in the validation notice.

26.    In addition to the above-mentioned allegations, Defendant D&A Services, LLC., attempted to contact Plaintiff by telephone on multiple occasions.

27.    At the time Plaintiff received the said messages, he did not know the identity of the caller.

28.    At the time Plaintiff received the said messages, he did not know that the caller was a debt collector.

29.    At the time Plaintiff received the said messages, he did not know that the call concerned the collection of a debt.

30.    Each of the messages is a "communication" as defined by 15 U.S.C. § 1692a(2).

31.    Section 1692c of the FDCPA states:

> **(b) Communication with third parties**
>
> Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post-judgment judicial remedy, **a debt collector may not communicate**, in connection with the collection of any debt, **with any person other than the consumer**, his attorney, a consumer reporting

agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

(emphasis added)

32.   Each of the messages were in direct violation of 15 U.S.C. § 1692c(b) as the Plaintiff had never given prior consent to the Defendant to communicate and / or leave messages with unauthorized third parties. See West v. Nationwide Credit, Inc. 998 F. Supp. 642 (W.D. N.C. 1998) (a complaint alleging that debt collector telephoned plaintiff's neighbor leaving collector's name and telephone number and asking the neighbor to have plaintiff return call stated a claim for violation of Section 1692c(b).)

33.   Congress has specifically defined a "communication" under section 1692c(b) as "the conveying of information regarding a debt directly or indirectly to any person through any medium." 15 U.S.C. 1692a(2).

34.   Defendant D&A Services, LLC. as a matter of pattern and practice, leaves anonymous telephone messages for consumers which in effect trick consumers into calling back and being forced to communicate with the debt collector.

35.   Defendant D&A Services, LLC.'s anonymous telephone messages mislead consumers into thinking that the message could reasonably pertain to a host of issues - including family or medical matters - which may be viewed by consumers as much more pressing, than a debt owed. The apparent purpose of these messages is to be vague enough to provoke the recipient to return the calls in haste. Leaving a message that deceptively entices a consumer to communicate with a debt collector when he is caught off guard is precisely the kind of abuse the FDCPA intended to prevent.

36.     A message leaving any information concerning a debt is a "communication." 15 U.S.C. § 1692a(2). "Any information" is construed broadly in favor of consumers and includes a callback number or a reference number.[3]

37.     Defendant D&A Services, LLC., failed to provide Plaintiff with the notices required by 15 U.S.C. § 1692e(11), namely, by failing to advise Plaintiff that the communication was from a debt collector or that the Defendant was attempting to collect a debt.[4]

38.     The only way for Plaintiff and/or any least sophisticated consumer to obtain the identity of the caller leaving the messages, and to ascertain the purpose underlying the messages, was to place a return call to the telephone number provided in the messages and speak with a debt collector employed by D&A Services, LLC., and to provide the debt collector with personal information.

39.     Defendant has engaged in a pattern of leaving messages without disclosing that the communication is from a debt collector.

---

[3] Halberstam v. Global Credit & Collection Corp., 2016 U.S. Dist. LEXIS 3567 (E.D.N.Y. Jan. 11, 2016). ("[T]here is no reason to view [the debt collector's] conversation with the third party as a monolithic communication. It is a conversation, not a dunning letter, and thus by its nature, it lends itself to shifting goals and purposes depending on the information gained during the exchange. When defendant asserts that "[t]his call was not placed with intent to leave a message with a third-party," I suppose that is true at the outset of the call (although it may be that defendant has a procedure for leaving an anonymous call back number if it reaches a third party and the third party invites one). However, when the third-party asked if he could take a message for the debtor, and [the debt collector] decided, at that point, to leave call back information in order to solicit the debtor into calling him back without the debtor knowing who he was calling, [the debt collector's] intent is obvious. It seems to strain the plain language and purpose of the statute to conclude that [the debt collector's] decision to leave that message was not a communication in connection with the collection of a debt. "The apparent purpose of [the message] was to be vague enough to provoke the recipient to return the calls in haste." Leyse v. Corporate Collection Services, Inc., No. 03 Civ. 8491, 2006 U.S. Dist. LEXIS 67719, 2006 WL 2708451, at *7 (S.D.N.Y. Sept. 18, 2006). The only way to avoid violating the statute at that point was for [the debt collector] to make a different decision by politely demurring, and perhaps trying again at some point in the future.") appeal denied by Halberstam v. Global Credit & Collection Corp., Case No. 16-1563 (2d Cir. Dec. 7, 2016), Edwards v. Niagara Credit Solutions, Inc., 586 F. Supp. 2d 1346 (N.D. Ga. 2008). aff'd by Edwards v. Niagara Credit Solutions, Inc., 584 F.3d 1350, 2009 U.S. App. LEXIS 22500, 22 Fla. L. Weekly Fed. C 179 (11th Cir. Ga. 2009). (It is a communication whether it is from a conversation directly between a consumer and a debt collector or indirectly, such as by a message left on a telephone answering device, or with a third party.), Foti v. NCO Financial Systems, Inc., 424 F.Supp.2d 643 (S.D.N.Y. 2006). (infra), Wideman v. Monterey Fin. Srvs., Inc., 2009 U.S. Dist. LEXIS 38824 (W.D.Pa May 7, 2009) (Same), West v. Nationwide Credit, Inc., 998 F. Supp. 642, 643 (W.D. N.C. 1998) (Same), Belin v. Litton Loan Servicing, LP, 2006 U.S. Dist. LEXIS 47953, 2006 WL 1992410, 5 (M.D.Fla., 2006) (Same).

[4] See Sclafani v. BC Servs., Inc., No. 10-61360-CIV, 2010 U.S. Dist. LEXIS 115330, 2010 WL 4116471, at *3 (S.D. Fla. Oct. 18, 2010). ("If [the defendant] could not leave voice messages that simultaneously complied with the multiple applicable provisions of FDCPA, it should not have left the offending voice messages."), Edwards v. Niagara Credit Solutions, Inc., 584 F.3d 1350, 2009 U.S. App. LEXIS 22500, 22 Fla. L. Weekly Fed. C 179 (11th Cir. Ga. 2009). (The United States Court of Appeals for the Eleventh Circuit stated "In an oft-repeated statement from the Vietnam War, an unidentified American military officer reputedly said that "we had to destroy the village to save it." That oxymoronic explanation may be apocryphal, but the debt collection agency in this case offers up much the same logic to explain why it violated the Fair Debt Collection Practices Act: it was necessary to violate the Act in order to comply with the Act…"[I]f [the debt collector's] assumption is correct, the answer is that the [FDCPA] does not guarantee a debt collector the right to leave messages.")

40.     Defendant has engaged in a pattern of leaving messages for consumers, indirectly communicating information relating to an alleged debt with unauthorized parties.

41.     All of the above-described collection communications made to Plaintiff by Defendant D&A Services, LLC. and other collection employees employed by the Defendant, were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692c(b), 1692d, 1692e, 1692e(10), 1692e(11), and 1692f, amongst others.

42.     Leaving "Anonymous Telephone Messages" in any form, violates the FDCPA, whether the anonymous telephone message is left during a conversation directly between a consumer and a debt collector or indirectly, such as an Anonymous Telephone Message left on a telephone answering device, or with a third party.[5]

43.     Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

44.     Plaintiff suffered actual harm by being the target of the Defendant's misleading debt collection communications.

45.     Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

46.     Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

47.     Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

---

[5] See Levse v. Corporate Collection Servs., (2006 U.S. Dist. LEXIS 67719 (S.D.N.Y. Sept. 18, 2006). ("The FDCPA requires debt collectors identify themselves as such in all messages to prevent consumers from being tricked into communicating with debt collectors regarding a debt. Anonymous telephone messages mislead consumers in to thinking that the message could reasonably pertain to a host of issues - including family or medical matters - which may be viewed by consumers as much more pressing, than a debt owed. The apparent purpose of these messages is to be vague enough to provoke the recipient to return the calls in haste. Leaving a message that deceptively entices a consumer to communicate with a debt collector when he is caught off guard is precisely the kind of abuse the FDCPA intended to prevent.")

48.   Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

49.   The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived him of his right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

50.   These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

51.   As an actual and proximate result of the acts and omissions of D&A Services, LLC. and its employees, Plaintiff has suffered actual damages and injury, including but not limited to, fear, stress, mental anguish, emotional stress, acute embarrassment and suffering for which she should be compensated in an amount to be established by a jury at trial.

## AS AND FOR A FIRST CAUSE OF ACTION

***Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendant.***

52.   Plaintiff re-states, re-alleges and incorporates herein by reference, paragraphs one (1) through fifty-one (51) as if set forth fully in this cause of action.

53.   This cause of action is brought on behalf of Plaintiff and the members of two classes.

54.   Class A consists of all persons whom Defendant's records reflect resided in the State of New York who communicated with Defendant's representatives within one year prior to the date of the within complaint up to the date of the filing of the complaint; (a) the

Defendant denied the Plaintiff the right to dispute the debt; and (b) the Defendant made false statements in violation of 15 U.S.C. §§ 1692e(8) and 1692e(10).

55.   Class B consists of all persons whom Defendant's records reflect resided in New York who received telephonic messages from Defendant within one year prior to the date of the within complaint up to the date of the filing of the complaint; (a) the telephone call was placed to a the consumer's home or similar party seeking payment of a consumer debt by leaving a message for the Plaintiff; and (b) the Plaintiff asserts that the telephone message was in violation 15 U.S.C. §§ 1692c(b), 1692d, 1692e, 1692e(10), 1692e(11), and 1692f.

56.   Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

   A.   Based on the fact that form telephonic communications are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

   B.   There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

   C.   The only individual issue is the identification of the consumers who communicated with, or received communications from, the Defendant (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

   D.   The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

E.  The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

57.  A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

58.  If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

59.  Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

***Violations of the Fair Debt Collection Practices Act***

60.  The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

61.  Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in his favor and against the Defendant and award damages as follows:

A. Statutory and actual damages provided under the FDCPA, 15 U.S.C. § 1692(k);

B. Attorney fees, litigation expenses and costs incurred in bringing this action; and

C. Any other relief that this Court deems appropriate and just under the circumstances.

## AS AND FOR A SECOND CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on an individual basis*

62.   Plaintiff re-states, re-alleges, and incorporates herein, all paragraphs in this action, that reference the Plaintiff being unable to dispute the alleged debt with D&A Services.

63.   That on or about February 19, 2020, the Plaintiff called and spoke to a representative from D&A Services, LLC.

64.   During the call, the Plaintiff attempted to dispute the debt, yet the Defendant would not accept the dispute, but rather, instructed the Plaintiff to direct all disputes to the original creditor directly.

65.   Defendant further demanded a reason for the dispute.

66.   The FDCPA does not require the consumer to provide any reason at all in order to dispute a debt.

67.   The FDCPA allows the consumer to dispute a debt directly with the debt collector.

### *Violations of the Fair Debt Collection Practices Act*

68.   The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

69.   Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff is entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this

Court enter judgment in his favor and against the Defendant and award damages as follows:

    A.  Statutory and actual damages provided under the FDCPA, 15 U.S.C. § 1692(k); And

    B.  Attorney fees, litigation expenses and costs incurred in bringing this action; and

    C.  Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Woodmere, New York
July 21, 2020

_____/s/ Adam J. Fishbein_____
Adam J. Fishbein, P.C.  (AF-9508)
Attorney at Law
**Attorney for the Plaintiff**
735 Central Avenue
Woodmere, New York 11598
Telephone: (516) 668-6945
Email: fishbeinadamj@gmail.com

Plaintiff requests trial by jury on all issues so triable.

_____/s/ Adam J. Fishbein_____
Adam J. Fishbein (AF-9508)